THOMPSON, Judge,
dissenting.
I believe the trial court’s judgment was appropriate for certification as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Therefore, I would not dismiss the appeal on the basis that it was taken from a nonfinal judgment. I would, however, dismiss this appeal on the basis that it was untimely filed. An action for grandparents’ visitation may be filed in either the juvenile division of a district court or the juvenile division of a circuit court. See K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993). The grandmother filed her petition in the Juvenile Division of the Circuit Court of Lauderdale County, and, therefore, the Rules of Juvenile Procedure govern this action. Rule 1(A) and (B), Ala. R. Juv. P. A notice of appeal, whether to an appellate court or to a circuit court for a trial de novo, must be filed within 14 days of the entry of a final judgment in a juvenile action. Rule 28(C), Ala. R. Juv. P. The trial court entered its final judgment on November 29, 2000. The father filed a notice of appeal on December 22, 2000, beyond the 14 days allowed by Rule 28(C), Ala. R. Juv. P. Therefore, I conclude that the father’s appeal is untimely and that it is due to be dismissed on that basis. For that reason, I must respectfully dissent.